IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03034-BNB

CRAIG S. ROBLEDO,

     Applicant,

v.

J. DAVIS,
B. SHAEFFER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

ORDER OF DISMISSAL

---

     Applicant, Craig S. Robledo, is a prisoner in the custody of the Colorado

Department of Corrections.  Mr. Robledo initiated this action by filing *pro se* an

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1)

challenging the validity of his state court conviction and sentence in Jefferson County

District Court case number 2008CR2493.  The Court must construe the application

liberally because Mr. Robledo is not represented by an attorney.  *See Haines v. Kerner*,

404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d

at 1110.  For the reasons stated below, the action will be dismissed for lack of

jurisdiction.

     Mr. Robledo previously sought habeas corpus relief in the District of Colorado

pursuant to § 2254 challenging the validity of the same state court conviction and

sentence.  *See Robledo v. Jones*, No. 11-cv-02130-LTB (D. Colo. Nov. 28, 2011),

*certificate of appealability denied and appeal dismissed*, 464 F. App'x 773 (10th Cir.),

*cert. denied*, 133 S. Ct. 342 (2012).  Case number 11-cv-02130-LTB was dismissed

because Mr. Robledo's claims had been defaulted in state court on an independent and

adequate state procedural ground.  Because case number 11-cv-02130-LTB was

dismissed on the merits, the instant application is a second or successive application.

*See Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (finding that § 2254

application denied on state procedural default grounds constitutes a disposition on the

merits, thus rendering a subsequent § 2254 application second or successive);

*Schwartz v. Neal*, 228 Fed. App'x 814, 816 (10th Cir. 2007) (per curiam) (same).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Robledo must apply to the United

States Court of Appeals for the Tenth Circuit for an order authorizing this Court to

consider his second or successive habeas corpus application.  *See In re Cline*, 531

F.3d 1249, 1252 (10th Cir. 2008) (per curiam).  In the absence of such authorization, the

Court lacks jurisdiction to consider the merits of the claims asserted in a second or

successive § 2254 application.  *See id*. at 1251.  An applicant seeking authorization to

file a second or successive application for a writ of habeas corpus pursuant to § 2254

must demonstrate that any claim he seeks to raise is based on "a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court,

that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual

predicate for the claim could not have been discovered previously through the exercise

of due diligence" and "the facts underlying the claim, if proven and viewed in light of the

evidence as a whole, would be sufficient to establish by clear and convincing evidence

that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2244(b)(2)(B).

Mr. Robledo alleges in the application that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application.  (*See* ECF No. 1 at 7.)  However, he did not provide proof of such authorization to the Court.  Therefore, on November 7, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Robledo to submit within fourteen days proof that he has obtained authorization from the Tenth Circuit to file a second or successive application.

On November 18, 2013, the copy of Magistrate Judge Boland's November 7 order that was mailed to Mr. Robledo at the prison address he provided was returned to the Court undelivered.  The returned envelope (ECF No. 5 at 1) includes a stamp or sticker that reads "RETURN TO SENDER, ATTEMPTED – NOT KNOWN, UNABLE TO FORWARD."

Pursuant to Rule 10.1M. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, a party must file a notice of new address within five days of any change of address.  Mr. Robledo has failed to comply with the Court's local rules and, as a result, he has failed within the time allowed to submit proof that he has obtained authorization from the Tenth Circuit to file a second or successive application.  Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the application to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  *In re Cline*, 531 F.3d at 1252.  The factors to be

> considered in deciding whether a transfer is in the interest of
> justice include whether the claims would be time barred if
> filed anew in the proper forum, whether the claims alleged

> are likely to have merit, and whether the claims were filed in
> good faith or if, on the other hand, it was clear at the time of
> filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.  When "there is no risk that a meritorious successive claim will be lost

absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is

not in the interest of justice to transfer the matter."  *Id.* at 1252.

Mr. Robledo fails to demonstrate that his claims in this action are based on either

a new and retroactive rule of constitutional law or newly discovered evidence as

required pursuant to § 2244(b)(2).  Therefore, the Court finds that a transfer is not in the

interest of justice for that reason alone.  *See id.*

Consideration of the other relevant factors also supports this conclusion.

Although it appears that the application would be time-barred if filed anew in the proper

forum, it appears that the application would be time-barred even if Mr. Robledo had

sought proper authorization prior to filing in this Court.  There also is no indication that

the claims Mr. Robledo seeks to raise have any merit.  Finally, it was clear when the

instant action was filed that this Court lacks jurisdiction over the application.  As a result,

the Court finds that a transfer of his action to the Tenth Circuit is not in the interest of

justice.  Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369

U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505

appellate filing fee ($505 effective December 1, 2013) or file a motion to proceed *in*

*forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty

4

days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __3rd__ day of ___December_____, 2013.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court